3706.001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| MATTHEW AHMANN,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF EDUCATION OF COMMUNITY HIGH SCHOOL DISTRICT 155, a Body Politic,<br><br>Defendants. | No.:<br><br>Honorable<br>Courtroom:<br><br>Plaintiff Demands Trial by Jury |

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, Matthew Ahmann, by and through his attorneys, Ekl, Williams & Provenzale LLC, and complaining against the Defendant, Board of Education of Community High School District 155, a body politic, upon information and belief, states as follows:

### INTRODUCTION

1. This action is brought seeking legal and injunctive relief as redress for Defendant's violations of the Plaintiff's rights enumerated under the First Amendment to the Constitution of the United States of America, which violations resulted from the Defendants' unconstitutional prior restraint and retaliatory disciplinary actions against the Plaintiff, Matthew Ahmann, including a threatening ultimatum not to speak and a summary and unreviewable academic

suspension and academic record of discipline, all of which have caused the Plaintiff significant and severe damages, including personal and pecuniary injuries.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343(a)(3), as the Claims are brought under 42 U.S.C. §1983, and venue pursuant to 28 U.S.C. §1391(b), as the parties reside in this district and the events giving rise to the claims occurred in this district.

## THE PARTIES AND RELEVANT POLICY MAKERS

3. The Plaintiff, Matthew Ahmann (hereinafter "Matt") at all relevant times was a resident of Cary, Illinois, living at 1409 Elk Trail, Cary, Illinois, and was enrolled full-time and in good standing as a 12th Grade student at Cary-Grove High School. Prior to the unconstitutional acts of the Defendants' described herein, Matt maintained an unblemished academic and disciplinary record.

4. The Defendant, Board of Education of Community High School District No. 155 (hereinafter "the School District"), is a body politic and corporate and at all relevant times has been duly organized and chartered under the Laws of the State of Illinois, conducting the business of creating and administering a public school, including the Cary-Grove High School (hereinafter "CGHS"). At all relevant times, CGHS was a public school acting by and through its policies and/or the acts and omissions of final policymakers, under color of law.

5. James "Jim" Kelly, (hereinafter "Dean Kelly") was at all relevant times acting under color of law, and has been a Dean of Students for CGHS, in which

capacity he was delegated the final policymaking authority regarding unreviewable summary discipline for alleged student misconduct or other violations of the School District's policies for student's attending CGHS. Dean Kelly was therefore, under School Board policy and widespread practice, final policymaker regarding unreviewable discipline that included in-school suspensions.

## FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

6. Mark Kownick (hereinafter "Mayor Kownick") is the current Mayor of the Village of Cary, Illinois, and has served continuously since he was first elected to that position in 2013. Mayor Kownick resides in the Village of Cary.

7. On September 26th, 2017, Mayor Kownick gave a speech at CGHS about government and politics in his official and elected capacity. This speech, by a government official about government and politics, was of great public interest, as it touched upon issues of political policy and governance, both generally and specifically to Cary, Illinois.

8. Mayor Kownick, directly or indirectly, communicated with Dean Kelly before presenting his political speech on September 26, 2017, to express his concerns about Matt's presence during the speech and Matt's prior political activity, and to direct Dean Kelly to restrain Matt from saying or doing anything during Mayor Kownick's speech.

9. On or about September 26, 2017, Dean Kelly entered into an agreement with Mayor Kownick to convey a threatening ultimatum to Matt,

warning Matt that there would be negative consequences to Matt if Matt said or did anything during Mayor Kownick's speech.

10. In response to, in agreement with, and in furtherance of Mayor Kownick's demand that Matt's political activity be muzzled, Dean Kelly confronted, intimidated and coerced Matt immediately prior to Mayor Kownick's speech.

11. Prior to Mayor Kownick's speech, and pursuant to the agreement, Dean Kelly approached Matt, pulled him away from other persons present, and acknowledged Matt's previous political activity regarding Mayor Kownick. Dean Kelly then forcefully instructed Matt not to say or do anything during the Mayor's speech. This confrontation and command by Dean Kelly was conveyed pursuant to the agreement between Dean Kelly and Mayor Kownick and was precipitated by Matt's prior political activity in the local community outside of school, including Matt's activity of moderating an online community reporting of and discussion about local and national political issues, including issues involving the speaker, Mayor Kownick. Matt had previously, and outside of any authorized or connected school activity, publicly expressed his political views critical of Mayor Kownick and other related issues of political concern; Matt was acting during all relevant times as a political journalist.

12. On September 26, 2017 the concerted conduct of Mayor Kownick and Dean Kelly was a prior restraint upon Matt's rights under the First Amendment to the Constitution of the United States, and compelled Matt not to say anything during Mayor Kownick's speech.

13. As a result of the individual and concerted actions of Mayor Kownick, Dean Kelly, and others yet unknown, Matt's speech was restrained.

14. During Mayor Kownick's speech, Matt did not verbally exercise his rights under the First Amendment based on Dean Kelly's orders.

15. A video and audio recording of Mayor Mark Kownick's speech was published online in the following weeks by Matt, who believed that the Mayor's speech was of great political importance to the public. This recording had been made by Matt in the exercise of his First Amendment Right to record a public official carrying out his public function, and to publish and report on the contents of that recording.

16. Upon learning about Matt's protected activities, Dean Kelly retaliated against Matt for Matt's exercise of his First Amendment Rights under the Constitution of the United States after and in response to Matt publishing and broadcasting Mayor Kownick's speech, or parts thereof.

17. On October 12th, 2017, Dean Kelly informed Matt that Matt was being suspended from school, and that Matt must serve the suspension the next day, October 13th, 2017. The suspension was for a one-day in school suspension, wherein Matt was required to report to the alternative learning site and forced to miss all his scheduled classes that day.

18. To conceal his retaliatory motives and to further perpetuate the agreement, Dean Kelly justified suspending Matt for "inappropriate cellphone use in class w/o permission," loosely citing to the student disciplinary code.

19. Matt immediately complained to the School District and CGHS administration about the immediate, arbitrary and unduly punitive and retaliatory suspension. Dean Kelly, Assistant Superintendent Scott Shepard, and Principal Neil Lesinsky all indicated that Matt could not appeal the suspension; that the suspension by Dean Kelly was final; and that Matt must serve the suspension.

20. On Thursday, October 12, 2017, Matt brought Dean Kelly's conduct before the School District, when he sent an email to the School District expressly complaining about the retaliatory prior restraint and suspension by Dean Kelly, specifically asserting Matt's First Amendment rights were violated. The School District dismissed Matt's complaint and thereby affirmed and/or ratified the retaliatory prior restraint and suspension imposed on Matt by Dean Kelly.

21. Matt's permanent school records now include an entry for student discipline that reflect the suspension described above; this entry is the only entry in Matt's otherwise exemplary and unblemished discipline record for CGHS.

22. Matt is currently applying to colleges and universities for enrollment for the 2018-2019 school year. A student's academic and disciplinary records are relevant to the application and admission process, and may have significant impact on admission decisions by these secondary schools. Matt is greatly concerned that the disciplinary record now permanently tattooed on Matt's high school career will negatively affect his potential to be accepted by the colleges and universities he is and will be applying to.

23. Additionally, and as a result of the unconstitutional actions by the Defendant, Matt suffered both emotionally and psychologically, in that he was demeaned, imprisoned, harassed, and embarrassed. Matt also fears financial repercussions, in that these unconstitutional actions may have direct impact on Matt's ability to apply, and resultant success to obtain, scholarships or financial aid for college. Additionally, Matt has grave concerns about the financial impact this suspension may have on his future ability to attend graduate programs, earn a living and other financial concerns.

## COUNT I
### *42 USC §1983 - FIRST AMENDMENT VIOLATION - MONELL*

24. Plaintiff Matthew Ahmann incorporates by reference herein ¶¶1 through 23, above, as though fully set forth herein.

25. Plaintiff Matthew Ahmann enjoyed and possessed a right under the First Amendment to the Constitution of the United States to engage in speech on matters of public interest and political relevance and to be free from governmental interference or retaliation for the expressions of said protected speech.

26. Matt's protected speech includes not only the publication of speech that consist of matters of public interest and political relevance involving public officials carrying out their public functions, but also the gathering or recording of said public officials' speech.

27. Matt had previously engaged in speech concerning matters of great governmental and political impact, prior to Mayor Kownick's speech.

28. Dean Kelly, as part of his agreement with Mayor Kownick and with the intent to stifle and prevent Matt's political speech, confronted, intimidated and coerced Matt immediately prior to the speech by a political figure about political issues, which conduct by Dean Kelly was an unconstitutional prior restraint.

29. Dean Kelly, after finding out that Matt had exercised his First Amendment Rights under the Constitution of the United States by recording and publishing the public official carrying out his public function, retaliated against Matt and summarily imposed a disciplinary sanction on Matt.

30. Dean Kelly purported to rely on an express School Board policy to impose retaliatory punishment on Matt, and as such, the express School Board policy as it was applied violated Matt's First Amendment rights.

31. At all times relevant hereto, these actions by Dean Kelly, in retaliation for Matt's political speech, were performed under the color of law; were made by the final policymaking authority for the Defendant, School District, regarding this specific type of discipline; and were ratified, sanctioned, approved and endorsed by the School District.

32. Furthermore, as a result of the individual and concerted actions by Mayor Kownick and Dean Kelly, Dean Kelly imposed a punishment upon Matt for Matt's purely political actions in gathering, publishing and reporting on Mayor Kownick's speech.

33. But for Matt's exercise of his protected speech detailed herein above, Matt would not have been given a suspension and would not have suffered injury.

34. As the direct and proximate result of one or more of the aforementioned violations of Matt's constitutional rights, Plaintiff Matthew Ahmann has suffered and will in the future continue to suffer injuries of a personal and pecuniary nature, including loss of reputation, loss of educational opportunity, mental anguish, emotional distress, and legal expenses as alleged herein.

35. Wherefore, the Plaintiff Matthew Ahmann respectfully requests that this Honorable Court:

    a. Award Plaintiff judgement of compensatory damages against Defendant, Board of Education of Community High School District No. 155, in an amount in excess of $50,000.00;

    b. Award Plaintiff's costs and attorneys' fees, pursuant to 42 U.S.C. ¶1988;

    c. Order that all records relating to Plaintiff's suspension be stricken, vacated, expunged and otherwise physically removed from Plaintiffs school records; and

    d. Order any other relief that the Court deems right and just.

*Plaintiff demands trial by jury on all issues so triable.*

Respectfully submitted by:

By /s/ Matthew Ahmann

Matthew Ahmann

Patrick L. Provenzale, #6225879
Nemura G. Pencyla, #6225825
Ekl, Williams & Provenzale LLC
901 Warrenville Road, Suite 175
Lisle, Illinois 60532

(630) 654-0045
(630) 654-8318 *Facsimile*
pprovenzale@eklwilliams.com
*Attorneys for Plaintiff*

## VERIFICATION

    Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to the matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

                                                            Matthew Ahmann